STATE of Minnesota, Respondent,

v.

**Robert Christopher STICH, Appellant.**

**No. C6-86-954.**

Court of Appeals of Minnesota.

Jan. 13, 1987.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainer, Mary B. Magnuson, Sp. Asst. Attys. Gen., St. Paul, Richard T. Jessen, Benton Co. Atty., Foley, for respondent.

Kevin L. Holden, St. Cloud, for appellant.

Considered and decided by NIERENGARTEN, P.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## MEMORANDUM OPINION

CRIPPEN, Judge.

### FACTS

On October 4, 1985, the St. Cloud Police Department received a report from a restaurant employee that a fight had started outside the restaurant after a vehicle struck another vehicle in the drive-thru lane. When police officer Bernard Berg arrived, the clerk pointed out the vehicle that had struck the other vehicle. That car was followed and subsequently stopped by Berg and Sargeant James Smith. The officers made several observations of intoxication and arrested the driver for D.W.I. The driver, appellant Robert Stich, refused to take a breath test.

At an omnibus hearing on the criminal D.W.I. charges, appellant moved to dismiss the charges based on an improper stop. The trial court denied the motion and the case was tried based on stipulated facts. Appellant was convicted of aggravated D.W.I., Minn.Stat. § 161.129 (Supp.1985).

### DECISION

1. Appellant contends the stop was improper because it involved a "completed misdemeanor." In *Blaisdell v. Commissioner of Public Safety*, 375 N.W.2d 880, 884 (Minn.Ct.App.1985), this court ruled that all stops to investigate completed misdemeanors are impermissible under the Fourth Amendment. On further review, the supreme court expressed no opinion as to the correctness of this holding in affirming our decision on other grounds. *Blaisdell v. Commissioner of Public Safety*, 381 N.W.2d 849, 850 (Minn.1986).

We noted in *Blaisdell* that misdemeanors committed in the "very recent past" are probably not completed. *Blaisdell*, 375 N.W.2d at 882 n. 2. In the present case, the stop occurred only moments after the altercation between appellant and the other motorist, placing it squarely in the category of stops that are made following a misdemeanor committed in the very recent past. *See State v. Davis*, 393 N.W.2d 179 (Minn.1986) (stop was proper when based on information from passing motorist that defendant had just driven through a red light); *Marben v. State Department of Public Safety*, 294 N.W.2d 697 (Minn.1980) (stop for tailgating that occurred a few minutes prior to stop upheld). No precedent holds that it is unlawful to make an immediate pursuit and stop of a person who has committed a misdemeanor in the very recent past, and we accordingly find no error in the trial court's ruling.

2. The stop of appellant's vehicle was based on a reasonable and articulable suspicion of criminal activity. The police officers received reliable information from a private citizen after a face-to-face con-

frontation with that citizen. *Davis*, 393 N.W.2d at 181. Information obtained from a private citizen not involved in a criminal event is presumed reliable. *Marben*, 294 N.W.2d at 699. Moreover, the clerk here obtained the information from personal observation, which means that he obtained the information in a reliable manner. *State v. Phelps*, 297 Minn. 61, 64, 209 N.W.2d 780, 782 (1973). The stop of appellant's vehicle was justified.

Affirmed.